UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:23-CV-00085-JHM

DAVID JASON TAYLOR                                                                    PLAINTIFF

v.

BRUCE TODD, *et al.*                                                                  DEFENDANTS

MEMORANDUM OPINION AND ORDER

Plaintiff David Jason Taylor filed this *pro se* civil-rights action pursuant to 42 U.S.C. § 1983. This matter is before the Court on initial review of the complaint [DN 1] pursuant to 28 U.S.C. § 1915A.  For the reasons stated below, the Court will dismiss some claims and allow others to proceed.

I.

Plaintiff is a federal pretrial detainee currently incarcerated at Henderson County Detention Center ("HCDC").  He states that he brings this § 1983 prisoner civil-rights-action "against persons employed at HCDC and contracted to HCDC through Quality Correction Care."  [*Id.* at 6]. Specifically, Plaintiff names as Defendants in their individual and official capacities:  HCDC Jailer Bruce Todd; HCDC Chief Deputy of Operations Colonel Leslie Gibson; HCDC Inmate Services Bureau ("ISB") Felicia Rowan; HCDC Former ISB Officer McElfresh; HCDC Property and ISB Officer Toman; HCDC Shift Lt. Jane Knight; HCDC Officer Over Federal Inmates Officer Brickner; United States Marshal Service Deputy Greg Thiel; Dr. Neil Troost; Nurse Practitioner Aimee Otterbein; LPN Tracy Davis; LPN Kelly Loveall; LPN Monica Chapman; RN Amanda Lamar; Nurse Whitney; and Quality Correctional Care.  [*Id.* at 1–5].

Plaintiff represents that he is filing this complaint "for violating my right to 'meaningful access to the courts,' violations of my fourteenth and/or eighth amendment rights to objectively reasonable adequate healthcare, and am also requesting an investigation pertaining to the misappropriation/theft of funds that have been wrongfully taken from myself and other Federal inmates in violation of 18 U.S.C. 4013, 18 U.S.C. § 4048, and the Federal Prisoner Healthcare co-payment act of 2000." [*Id.* at 6–7].

Plaintiff seeks damages and injunctive relief.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although

this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

#### A.  42 U.S.C. § 1983

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere.  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### 1.  United States Deputy Marshal

Plaintiff brings his claims pursuant to 42 U.S.C. § 1983; however, this statute provides relief against state and local officials for violations of constitutional rights.  Greg Thiel is a United States Deputy Marshal, and therefore not a state official.  Since he is a federal actor, he acts under federal law; he does not act "under color of state law."  Therefore, jurisdiction predicated upon § 1983 cannot be sustained as against the Deputy Thiel.  *See Wheeldin v. Wheeler*, 373 U.S. 647 (1963); *Schwamborn v. Cnty. of Nassau*, No. 06-CV-6528 SJF/ARL, 2008 WL 4282607, at *4 (E.D.N.Y. Sept. 16, 2008).  Since the U.S. Marshal is a federal entity, the Court construes Plaintiff's claim as one under *Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics*, 403 U.S.

388 (1971), not § 1983. *See Bennett v. U.S. Marshal*, No. 4:22-CV-00022-JHM, 2022 WL 2758542, at *2 (W.D. Ky. July 14, 2022) (citing *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014) ("We review *Bivens* and § 1983 actions under the same legal principles, except for the requirement of federal action under *Bivens* and state action under § 1983.")).

### a. *Official-Capacity Claims*

"[A] *Bivens* claim may not be asserted against a federal officer in his official capacity." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991); *see also Borden v. Fed. Defs. Off.*, No. 1:15CV-P29-GNS, 2015 WL 8366739, at *3–4 (W.D. Ky. Dec. 8, 2015). "The United States Supreme Court has declined to extend *Bivens* liability to permit suit against a federal agency." *Watkins v. F.B.I.*, No. 3:13-CV-204-S, 2013 WL 3324065, at *2 (W.D. Ky. July 1, 2013) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994)). Courts within the Sixth Circuit have applied this rule and dismissed suits specifically against the United States Marshal's Service. *Bennett v. U.S. Marshal*, No. 4:22-CV-00022-JHM, 2022 WL 2758542, at *2 (W.D. Ky. July 14, 2022); *Culliver v. Corrections Corp. of Am.*, No. 99-5344, 2000 WL 554078, at *2 (6th Cir. Apr. 28, 2000) (unpublished); *Mathis v. U.S. Marshal Serv.*, No. 2:11-cv-271, 2011 WL 1336575, at *2 (S.D. Ohio Apr. 5, 2011); *Briggs v. U.S. Marshal Serv.*, No. 04-2648, 2007 WL 1174261, at *2 (W.D. Tenn. Apr. 19, 2007); *see also LeVay v. Morken*, 598 F. Supp. 3d 655, 663 (E.D. Mich. 2022) ("The only remedy available under *Bivens* is money damages from an individual federal employee."); *Olita v. United States*, No. 21-2763-JTF-TMP, 2022 WL 874179, at *1 (W.D. Tenn. Mar. 23, 2022) (same). Therefore, the Court will dismiss any official capacity claims against Thiel.

### b. *Individual-Capacity Claims*

Based on Plaintiff's allegations in the complaint [DN 1 at 9, 13, 16], the Court will allow Plaintiff's First Amendment claim for denial of meaningful access to the courts and Fourteenth

Amendment deliberate-indifference-to-serious-medical-need claim to proceed against Deputy
Marshal Thiel.

### 2. Henderson County, Quality Correctional Care, and Employees

#### a. *Official-Capacity Claims*

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against
an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting
*Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's
official-capacity claims against the Defendants are actually against their employer, Henderson County
or Quality Correctional Care.[1] As such, the Court will direct the Clerk of Court to terminate the
official capacity claims against the Defendants. Because Quality Correctional Care is already named
as a Defendant, the Court will direct the Clerk of Court to add Henderson County as a Defendant.

#### b. *Denial of Access to the Courts*

Prisoners have a constitutional right of meaningful access to the courts under the First
Amendment. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Meaningful access to the courts under the
First Amendment will vary with the circumstances, and officials are to be accorded discretion in
determining how that right is to be administered. *Id.* at 830–31; *John L. v. Adams*, 969 F.2d 228,
233–34 (6th Cir. 1992). To state a claim for a denial of access to the courts, a prisoner must
demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of
confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). That is, a plaintiff must plead actual injury,
and no actual injury occurs without a showing that a claim "has been lost or rejected, or that the

---

[1] The Sixth Circuit has held that the same analysis that applies to § 1983 claims brought against municipalities applies to
private entities contracted to provide medical services to inmates. *See, e.g.*, *Parsons v. Caruso*, 491 F. App'x 597, 609
(6th Cir. 2012); *Hester v. S. Health Partners*, No. 1:22-CV-P80-GNS, 2022 WL 9497251, at *2 (W.D. Ky. Oct. 14, 2022).

presentation of such a claim is currently being prevented." *Id.* at 356; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Based on Plaintiff's allegations in the complaint [DN 1 at 8–13, 15–16], the Court finds that Plaintiff has met these pleading requirements.  <u>The Court will allow Plaintiff's First Amendment claim for denial of meaningful access to the courts to proceed against Henderson County and Jailer Todd, Colonel Gibson, Supervisor Rowan, Officer McElfresh, Officer Toman, Lt. Knight, and Officer Brickner in their individual capacities.</u>

### c. *Fourteenth Amendment Deliberate Indifference to Serious Medical Needs*

Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment. "An officer violates that right if that officer shows deliberate indifference to [a pretrial detainee's] serious medical needs[.]" *Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022) (internal citations and quotation marks omitted); *Gist v. Trinity Servs. Grp.*, No. 3:22-CV-P270-CHB, 2023 WL 2531735, at *4 (W.D. Ky. Mar. 15, 2023).  A pretrial detainee must satisfy two elements for a claim based on deliberate indifference to a serious medical need under the Fourteenth Amendment: (1) he "had a sufficiently serious medical need and (2) that each defendant acted deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 317 (6th Cir. 2023) (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021)) (internal quotation marks omitted).

Based on Plaintiff's allegations in the complaint [DN 1 at 16–22], the Court <u>will allow Plaintiff's Fourteenth Amendment deliberate-indifference-to-serious-medical-need claim to proceed against Quality Correctional Care, Dr. Troost, Nurse Practitioner Otterbein, LPN Davis, LPN Kelly Loveall, LPN Monica Chapman, RN Amanda Lamar, and Nurse Whitney</u>.  The Eighth Amendment

6

does not apply to Plaintiff as a pretrial detainee, and therefore claims brought under the Eighth Amendment will be dismissed for failure to state a claim upon which relief may be granted.

**B.  18 U.S.C. §§ 4013, 4048, Federal Prisoner Healthcare Co-Payment Act of 2000**

Plaintiff asserts Defendants, including the United States Marshal Service and Deputy Thiel, violated 18 U.S.C. §§ 4013 and 4048.  A plain reading of these statutes establishes they do not provide for any private cause of action.  Rather, "18 U.S.C. § 4013 merely provides that the Attorney General is authorized to provide for the support of prisoners detained on federal charges in non-federal institutions, including, as relevant, medical care and health care." *Treadway v. Voutour*, No. 10-CV-00042A F, 2012 WL 4959414, at *7 (W.D.N.Y. Sept. 27, 2012) (citing 18 U.S.C. § 4013(a)(2) and (d)).  "Fees for health care services for prisoners, and the definition of a 'health care visit' are set forth under 18 U.S.C. § 4048." *Id.*; *see also Casey v. Cent. Virginia Reg'l Jail*, No. 7:14-CV-00714, 2015 WL 8492768, at *5 (W.D. Va. Dec. 10, 2015). *Dudley v. Kansas City Residential Reentry Ctr.*, No. 4:11-00128-CV-DGK, 2011 WL 6000259, at *2 (W.D. Mo. Nov. 30, 2011); *Schwamborn*, 2008 WL 4282607, at *1 n.1 (18 U.S.C. § 4013 does "not authorize a private cause of action against the Marshals Service.").

Plaintiff's claims are therefore dismissed for failure to state a claim upon which relief may be granted.

**IV.**

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's official-capacity claims against the county and medical Defendants are construed as against Henderson County and Quality Convenient Care.

2.   The Clerk of Court is **DIRECTED** to add Henderson County as a Defendant.

3.   Plaintiff's Eighth Amendment claims and his claims brought pursuant to 18 U.S.C.

§§ 4013, 4048, and Federal Prisoner Healthcare Co-Payment Act of 2000 are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

4. All claims against Defendant United States Marshal Service Deputy Greg Thiel in his official capacity are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

5. The Court will allow Plaintiff's First Amendment claims for denial of meaningful access to the courts to proceed against Deputy Marshal Thiel, Henderson County, Jailer Todd, Colonel Gibson, Supervisor Rowan, Officer McElfresh, Officer Toman, Lt. Knight, and Officer Brickner and Plaintiff's Fourteenth Amendment deliberate-indifference-to-serious-medical-need claims to proceed against Deputy Marshal Thiel, Quality Correctional Care, Dr. Troost, Nurse Practitioner Otterbein, LPN Davis, LPN Kelly Loveall, LPN Monica Chapman, RN Amanda Lamar, and Nurse Whitney. In allowing these claims to proceed past initial review, the Court expresses no opinion on their ultimate merit.

6. The Court will enter a Service and Scheduling Order to govern the development of this action.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

November 20, 2023

cc:     Plaintiff, *pro se*
        Defendants
        Henderson County Attorney
        United States Attorney General
        United States Attorney for the WDKY
4414.014

8