UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:23-CV-00085-JHM

DAVID JASON TAYLOR                                                                PLAINTIFF

v.

BRUCE TODD, *et al.*                                                           DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff David Jason Taylor filed this *pro se* civil-rights action pursuant to 42 U.S.C. § 1983. This matter is now before the Court on initial review of the amended complaint [DN 28] pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some claims and allow others to proceed.

**I.**

Plaintiff was a federal pretrial detainee and is now a convicted prisoner currently incarcerated at Henderson County Detention Center ("HCDC"). He originally brought this § 1983 prisoner civil-rights-action "against persons employed at HCDC and contracted to HCDC through Quality Correction Care." [DN 1 at 6]. The Court conducted an initial review on Plaintiff's original complaint [DN 1] pursuant to 28 U.S.C. § 1915A. [DN 12]. On that initial review, the Court allowed Plaintiff's First Amendment claims for denial of meaningful access to the courts to proceed against Deputy Marshal Thiel, Henderson County, Jailer Todd, Colonel Gibson, Supervisor Rowan, Officer McElfresh, Officer Toman, Lt. Knight, and Officer Brickner and Plaintiff's Fourteenth Amendment deliberate-indifference-to-serious-medical-need claims to proceed against Deputy Marshal Thiel, Quality Correctional Care ("QCC"), Dr. Troost, Nurse Practitioner Otterbein, LPN Davis, LPN Kelly Loveall, LPN Monica Chapman, RN Amanda Lamar, and Nurse Whitney. [DN 12].

The Court then consolidated this action with Civil Action No. 3:23-CV-00129 and ordered the filing of the complaint in that action as an amended complaint in present action. [DN 27].

## II.

In his amended complaint, Plaintiff states that he is currently a convicted/sentenced federal inmate awaiting designation by the Bureau of Prisons ("BOP") and is currently incarcerated at Henderson County Detention Center ("HCDC"). [DN 28 at 1]. Plaintiff names as Defendants in their individual and official capacities: United States Marshals Service ("USMS") Deputy Cody Medlock, USMS Deputy Greg Thiel, HCDC Jailer Bruce Todd; HCDC Chief Deputy of Operations Colonel Leslie Gibson; HCDC Inmate Services Bureau ("ISB") Lt. Jane Knight; Comprehensive Correctional Care ("CCC"); CCC Medical Director Dr. Wilson; Nurse Practitioner Matthew Johnston; Nurse Jonie Doe; Nurse Lindsey Doe; Nurse Kayla Doe; and Nurse Whitney Doe. [*Id.* at 1–5]. Plaintiff represents that the four nurses refuse to provide him their last names. [*Id.*].

Plaintiff sues Deputies Medlock and Thiel and the USMS for failure to protect, deliberate indifference to a serious medical need, retaliation, and failure to intervene. [*Id.* at 9]. Plaintiff alleges that Jailer Todd, Gibson, and all the medical-provider Defendants were, and continue to be, deliberately indifferent to a serious medical need in violation of the Eighth Amendment and retaliated against him for filing grievances in violation of the First Amendment. He also alleges that Knight participated in the retaliatory conduct in violation of the First Amendment. He further alleges that Jailer Todd also refused doctor prescribed medications and "has allowed the Defendants to lie and avoid any disciplinary action without any investigation of grievance at all." [*Id.* at 10]. From a review of the amended complaint, the Court interprets the additional claims against Jailer Todd as one for failure to protect or intervene and for the denial of grievances without investigating.

Plaintiff seeks damages and injunctive relief.

### III.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### IV.

Plaintiff asserts a claim against Jailer Todd for the denial of grievances "without

3

investigating." The "denial of administrative grievances . . . by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Thus, the Court will dismiss Plaintiff's claim against Jailer Todd for the denial of grievances.

Based on Plaintiff's allegations in the amended complaint [DN 28], the Court will allow Plaintiff's Eighth Amendment deliberate-indifference-to-serious-medical-need claim to proceed against the following Defendants in their individual and official[1] capacities: USMS Deputy Cody Medlock; USMS Deputy Greg Thiel; HCDC Jailer Bruce Todd; HCDC Chief Deputy of Operations Colonel Leslie Gibson; HCDC ISB Lt. Jane Knight; CCC; CCC Medical Director Dr. Wilson; Nurse Practitioner Matthew Johnston; Nurse Jonie Doe; Nurse Lindsey Doe; Nurse Kayla Doe; and Nurse Whitney Doe.

Likewise, the Court will allow Plaintiff's First Amendment retaliation claim to proceed against the following Defendants in their individual and official capacities: USMS Deputy Cody Medlock; USMS Deputy Greg Thiel; HCDC Jailer Bruce Todd; HCDC Chief Deputy of Operations Colonel Leslie Gibson; HCDC ISB Lt. Jane Knight; CCC; CCC Medical Director Dr. Wilson; Nurse Practitioner Matthew Johnston; Nurse Jonie Doe; Nurse Lindsey Doe; Nurse Kayla Doe; and Nurse Whitney Doe.

The Court will also allow Plaintiff's failure-to-intervene and failure-to-protect claims arising out his claims for First Amendment retaliation and Eighth Amendment deliberate indifference to

---

[1] Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against the Defendants are actually against their employer.

proceed against the following Defendants in their individual and official capacities:  USMS Deputy Cody Medlock; USMS Deputy Greg Thiel; and HCDC Jailer Bruce Todd.

V.

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1.   The Clerk of Court is **DIRECTED** to add the following Defendants in their individual and official capacities: USMS Deputy Cody Medlock; Comprehensive Correctional Care; CCC Medical Director Dr. Wilson; Nurse Practitioner Matthew Johnston; Nurse Jonie Doe; Nurse Lindsey Doe; Nurse Kayla Doe; and Nurse Whitney Doe.

2.   The Clerk of Court is also **DIRECTED** to add "Knight" to the last name of Defendant Lt. Jane.

3.   The Court **DISMISSES** Plaintiff's claim against Jailer Todd for the denial of grievances for failure to state a claim for which relief can be granted.

4.   The Court will allow the claims identified in Section IV above to proceed.

5.   The Court will enter a Service Order to govern the service in this action.  After Defendants USMS, Henderson County, QCC, and CCC file their responses to Plaintiff's motion for immediate injunctive relief [DN 22], the Court will then enter a combined scheduling order to govern this action.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

January 19, 2024

cc:   Plaintiff, *pro se*
      Counsel of Record
      Comprehensive Correctional Care, Capitol Corporate Services, Inc., 828 Lane Allen Rd. STE 219,
            Lexington, KY 40504
      Quality Correctional Care, CT Corporation System, 306 W. Main St. STE 512, Frankfort, KY 40601
4414.014