UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

DAVID JASON TAYLOR,                                                          PLAINTIFF

v.                                             CIVIL ACTION NO. 4:23-CV-00085-JHM

BRUCE TODD, *et al.*                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion for summary judgment filed by Defendants Quality Correctional Care ("QCC"), Dr. Neil Troost, NP Aimee Otterbein, LPN Kelly Loveall, and Nurse Whitney.  (DN 237).  Proceeding *pro se*, Plaintiff David Jason Taylor, filed a response to the motion (DN 253), and Defendants filed a reply.  (DN 254).  For the reasons that follow, the motion for summary judgment will be granted.

## I.

At all times relevant to the amended complaint, Plaintiff was a pretrial detainee held at the Henderson County Detention Center ("HCDC").  Plaintiff filed a complaint and a subsequent amended complaint[1] bringing a 42 U.S.C. § 1983 action against Defendants.[2]  (DNs 1, 28).  After review of the complaint pursuant to 28 U.S.C. § 1915A, this Court determined that Plaintiff's claims for First Amendment denial of meaningful access to the courts claim could proceed

---

[1] The amended complaint was originally filed in a separate action (4:23-CV-P129-JHM) also alleging claims for deliberate indifference to Plaintiff's serious medical needs against other healthcare providers at HCDC. Upon review of the amended complaint, the Court determined that the actions should be consolidated with the complaint from the separate action being docketed as an amended complaint in the instant case.  (DN 27).

[2] Plaintiff's complaint and amended complaint name the following Defendants: Jailer Bruce Todd, Colonel Leslie Gibson, Felicia Rowan, Officer McElfresh, Officer Toman, Lt. Jane Knight, Officer Brickner, U.S.M.S. Greg Theil, Quality Correctional Care, Dr. Neil Troost, Nurse Practitioner Aimee Otterbein, LPN Tracy Davis, LPN Kelly Loveall, LPN Monica Chapman, RN Amanda Lamar, Nurse Whitney, Henderson County, Cody Medlock, Comprehensive Correctional Care, Dr. Wilson, Nurse Practitioner Matthew Johnston, Nurse Jonie Doe, Nurse Lindsy Doe, Nurse Kayla Doe, and Nurse Whitney Doe.  (DNs 1, 28).  Notably, a number of these Defendants were subsequently dismissed from this proceeding or Plaintiff's claim(s) against them will be adjudicated via separate memorandum opinion and order, as Defendants have filed separate motions for summary judgment.  (DN 235, 236, 237).

generally and dismissed Plaintiff's claims under 18 U.S.C. §§ 4014, 4048, Federal Prisoner Healthcare Co-Payment Act of 2000 and claims against the United States Mashal's Service Deputy Greg Theil in his official capacity for failure to state a claim upon which relief may be granted. (DN 12). The amended complaint was similarly reviewed pursuant to 28 U.S.C. § 1915A. (DN 42). Therein, the Court determined that it would allow Plaintiff's Eighth and Fourteenth Amendment deliberate indifference to serious medical needs, First Amendment retaliation, and Plaintiff's failure to intervene/protect claim(s) to proceed against the relevant Defendants. (*Id.*, PageID #: 1030-31).

On October 29, 2025, the Court entered its *Order and Seventh Revised Scheduling Order*, therein, Plaintiff was ordered to file a pretrial memorandum setting forth the facts supporting Plaintiff's claim(s) against Defendants. (DN 218). On February 2, 2026, Plaintiff filed the pretrial memorandum setting forth specific factual allegations against Defendants. (DN 232).

## II.

### A. Factual Allegations

Plaintiff maintains that he was transferred from jail in Floyd County, Indiana to the HCDC. (DN 232, PageID #: 2822). With regard to Plaintiff's Fourteenth Amendment deliberate indifference to serious medical needs claim(s), Plaintiff maintains that upon arrival at HCDC he explained his various medical issues to HCDC medical staff. (*Id.*, PageID #: 2825). Plaintiff maintains that he explained he was experiencing penile bleeding, arm and hand swelling, lower back pain, rectal pain, tooth pain, and lumps on Plaintiff's shoulder and back. (*Id.*) Further, Plaintiff maintains that his pacemaker was broken, and he explained his troubled heart and lung history to the HCDC medical staff.[3] (*Id.*)

---

[3] Plaintiff later testified that his Eighth Amendment deliberate indifferent needs claim stems from (1) infrequent edema (swelling, discoloration, and pain) in his harm; (2) back pain; and (3) rectal bleeding. (DN 236-6, PageID #: 3569).

Plaintiff represents that he was examined by Dr. Neil Troost who conducted a rectal examination when alerted of Plaintiff's rectal bleeding, which Plaintiff maintains was evidenced by blood in his boxers. (*Id*.). Further, Plaintiff alleges that during the examination, Dr. Neil Troost asked, "How long have you had cancer?," which Plaintiff interpreted as an implication that he had cancer. (*Id*.). Plaintiff maintains that he alerted nurses of the bleeding in his boxers, but he was told to "keep [the boxers] on until the next day" when NP Aimee Otterbein could see him. (*Id*.). Plaintiff maintains that both Dr. Troost and NP Otterbein ignored the bleeding and Plaintiff's complaints about spinal pain and arm swelling. (*Id., PageID #: 2825-26*). Further, Plaintiff alleges that NP Otterbein testified that the blood in his boxers was merely brown discharge and not blood without an adequate medical basis to substantiate the claim. (*Id.* PageID #: 2825-26). Plaintiff also contends that he was refused pain medication causing him to suffer. (*Id*.). Plaintiff maintains that a subsequent trip to a urologist found two ruptured blood vessels in his lower abdomen explaining the bleeding and blood trapped in his arm. Plaintiff contends generally that he did not experience adequate medical care. (*Id*.).

### B. Defendants' Motion for Summary Judgment

Defendants contend that QCC was the contracted medical provider, employing medical professionals, to provide medical services to inmates at the HCDC from the beginning of Plaintiff's time at HCDC until July 1, 2023. (DN 237-1, PageID #: 3578). Accordingly, the applicable time period of review for Plaintiff's claims(s) is January 2023 through June 2023. (*Id*., PageID #: 3579). Through that time period, Plaintiff submitted thirty-six (36) grievances and medical requests, each of which was responded to by Defendants. (DN 237-5). Plaintiff admitted to receiving care responsive to his requests and grievances. (DN 237-2, PageID #: 3604-05).

3

With regard to Plaintiff's specific allegations that Dr. Troost ignored Plaintiff's arm swelling, Defendants point to Dr. Troost's order of an ultrasound for the arteries and veins in Plaintiff's arm.  (DN 237-5, PageID #: 3673).  Further, with regard to Plaintiff's allegations that NP Otterbein ignored reports of blood in Plaintiff's boxers and/or dismissed Plaintiff's complaints regarding arm swelling and discoloration, Defendants point to the medical record showing NP Otterbein ordering treatment and medication for those ailments.  (*Id.*, PageID #: 3682, 3685-3688).  Further, Defendants point to Plaintiff's deposition in which he admitted he had no testimony against LPN Loveall (DN 237-2, PageID #: 3596) and that he was uncertain of the identity of Nurse Whitney as support that the claims against them should not survive the instant motion for summary judgment.  (*Id.*, PageID #: 3590).

Defendants argue generally that Plaintiff cannot satisfy either the objective or subjective prongs of the Fourteenth Amendment deliberate indifference to serious medical needs tests set forth in *Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 315 (6th Cir. 2023).

With regard to the objective prong, Defendants contend that Plaintiff has not shown a sufficiently serious medical need to satisfy the objective prong, which is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Harrison v. Ash*, 539 F.3d 50, 518 (6th Cir. 2008).  (DN 237-1, PageID #: 3582).  In short, Defendants argue that, based on the record, Plaintiff cannot demonstrate that he suffered from a sufficiently serious medical need that was ignored, nor can he produce medical proof that the care he received was not adequate.  (*Id.*, PageID #: 3583).

Concerning the subjective prong, which requires a pretrial detainee to prove "more than negligence but less than subjective intent – something akin to reckless disregard" to satisfy the

4

test. (*Id.*, PageID #: 3584, citing *Helphenstine*, 60 F. 4th at 315-16). Defendants contend that Plaintiff argues that Defendants should have ordered different tests sooner, or reached different diagnoses while evaluating Plaintiff's symptoms. (*Id.*). To this point, Defendants contend that pretrial detainees do not have a right to a particular course of treatment or a preferred diagnostic approach. *See Whyde v. Sigsworth*, No. 22-3581, 2024 U.S. App. LEXIS 28501, at *17 (6th Cir. Nov. 8, 2024). Further, Defendants argue that Plaintiff's claims regarding disagreements with Defendants' medical judgment sound in negligence, not recklessness. *See Rhinehart v. Scutt*, 509 F. App'x 510, 513 (6th Cir. 2013). Lastly, Defendants argue that the record reflects ongoing evaluation, testing, and treatment for Plaintiff's medical issues, which negates any finding that Defendants acted recklessly. (*Id.* PageID #: 3585).

### C. Plaintiff's Response

On June 1, 2026, Plaintiff filed his response to Defendants' motion for summary judgment. (DN 253). Therein, Plaintiff contends that Defendants ignored internal bleeding in his left arm and boxers. (*Id.*, PageID #: 4157). Further, Plaintiff claims that Defendant Otterbein lied in her medical notes. (*Id.*, PageID #: 4158). Relatedly, Plaintiff claims that Defendants generally ignored the medical notes of prior caregivers and that current B.O.P. records prove that the issues persisted during Plaintiff's tenure at HCDC. (*Id.*, PageID #: 4159). Relatedly, Plaintiff contends that "Defendants witnessed symptoms and did not render adequate medical attention and/or referrals for them. Instead, [Defendants] lied and ignored the symptoms." (*Id.*, PageID #: 4160). Plaintiff also claims Defendants falsified medical reports. (*Id.*, PageID #: 4161). Generally, Plaintiff takes issues with the medical decisions made by Defendants.

## D. Defendants' Reply

On June 15, 2026, Defendants filed a reply. (DN 254). Therein, Defendants contend that Plaintiff failed to cite any legal or evidentiary justification in opposition to Defendants' motion for summary judgment. (*Id*., PageID #: 4167). Defendants contend that Plaintiff's response failed to state or support the elements of a successful Fourteenth Amendment deliberate indifference claim and relied solely on allegations or denials to contest the evidence supporting Defendants' motion for summary judgment. (*Id*.). Further, Defendants contend that Plaintiff does not cite any evidence to support his conclusory allegations. (*Id*., PageID #: 4168).

Defendants also maintain that Plaintiff's allegations of fraud, deceit, and record falsification are conclusory and unsupported by specific facts. (*Id*., PageID #: 4169). Further, Defendants reallege their argument set forth in their motion for summary judgment that Plaintiff has not alleged facts sufficient to satisfy either the objective or subjective prongs of the Fourteenth Amendment deliberate indifference claims. (*Id*., PageID #: 4169-70). Lastly, Defendants reallege their argument that summary judgment is appropriate because Plaintiff's allegations of inadequate medical care sound, at most, in negligence and not deliberate indifference. (*Id*., PageID #: 4170-71).

## III.

Before the Court may grant a motion for summary judgment, it must find that there is "no genuine dispute as to any material fact" and that the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts

6

demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-movant must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

The fact that a plaintiff is *pro se* does not lessen his or her obligations under Rule 56. "The liberal treatment of *pro se* pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 U.S. App. LEXIS 27051, at *6-7 (6th Cir. May 5, 2010) (citations omitted). When opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a *pro se* litigant does not alter" its burden of showing a genuine issue for trial. *Viergutz v. Lucent Techs., Inc.*, F. App'x 482, 485 (6th Cir. 2010) (citation omitted). Yet statements in a verified complaint that are based on personal knowledge may function as the equivalent of affidavit statements for purposes of summary judgment. *Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992).

**IV.**

The Due Process Clause of the Fourteenth Amendment "forbids holding pretrial detainees in conditions that 'amount to punishment.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 405 (2015) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).  Therefore, when a pretrial detainee asserts a claim related to medical treatment, the claim is analyzed under the Fourteenth Amendment.  *Griffith v. Franklin Cnty.*, 975 F.3d 554, 566-67 (6th Cir. 2020) (citing *Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018)).  The Fourteenth Amendment deliberate indifference standard has both an objective and a subjective component.  *Helphenstine v. Lewis Cnty., Kentucky*, 60 F.4th 305, 316-317 (6th Cir. 2023). As recently explained by the Sixth Circuit:

> The standard in this circuit to prove a deliberate-indifference claim brought under the Fourteenth Amendment by a pretrial detainee is clear. To make out such a claim, a plaintiff must demonstrate (1) an objectively serious medical need; and (2) that the defendants, analyzed individually, acted (or failed to act) intentionally and either ignored the serious medical need or "recklessly failed to act reasonably to mitigate the risk the serious medical need posed." *Greene v. Crawford Cnty.*, 22 F.4th 593, 607 (6th Cir. 2022) (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 597 (6th Cir. 2021)[.] . . .  Stated differently, a pretrial detainee must have a serious medical need, and the defendant must act, whether through intentional action or omission, recklessly in response to the need and the risk it presented to the detainee. *See Helphenstine*, 60 F.4th at 317.

*Grote v. Kenton Cnty.*, 85 F.4th 397, 405 (6th Cir. 2023); *see also Mercer v. Athens Cnty.*, 72 F.4th 152 (6th Cir. 2023) (discussing departure from analyzing Eighth and Fourteenth Amendment deliberate indifference claims under the same rubric following *Kingsley* and *Brawner*, *supra*).

Under the post-*Brawner* framework, the first question is whether the plaintiff had a serious medical need, which has been defined as "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Vontz v. Hotaling*, No. 2:19-CV-12735, 2023 U.S. Dist. LEXIS 62994 at *6 (E.D. Mich. Mar. 6, 2023), *report and recommendation adopted*, No.

219CV12735TGBKGA, 2023 U.S. Dist. LEXIS 62432, (E.D. Mich. Apr. 10, 2023) (quoting *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004)) (other citations and quotations omitted).  In cases involving only "minor maladies or non-obvious complaints of a serious need for medical care," or where the deliberate indifference claim is based on the prison's failure to treat a condition adequately, then the plaintiff must also submit verifying medical evidence to satisfy the objective component. *Blackmore*, 390 F.3d at 898; *see also Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001).

"As to the second prong, it is important to note that *Brawner* did not change the principle that mere medical negligence, nor a disagreement between treater and patient as to the better course of treatment, does not equate to a constitutional violation, either under the Eighth or the Fourteenth Amendment." *Vontz*, 2023 U.S. Dist. LEXIS 62994 at *6 (citing *Brawner*, 14 F.4th at 596) (stating that a plaintiff must show "more than negligence"); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.") (other citations omitted)).

Here, the record shows that Defendants responded to all of Plaintiff's medical requests. (DN 237-5).  Further, Plaintiff admitted to receiving care responsive to his requests and grievances. (DN 237-2, PageID #: 3604-05).  Accordingly, Plaintiff's dispute is over the adequacy of his treatment. To satisfy the objective component of the Fourteenth Amendment's deliberate indifference test, Plaintiff must submit medical evidence into the record suggesting that the delay or failure to provide adequate treatment caused a serious medical injury.  *See Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 898 (6th Cir. 2004).  In this instance, Plaintiff has failed to submit

medical evidence providing that any treatment, or lack thereof, rendered by Defendants caused a serious medical injury. Thus, Plaintiff cannot satisfy the objective prong of the deliberate indifference test. *See Phillips v. Tangilag*, 14 F.4th 524, 535 (6th Cir. 2021). Accordingly, Defendants are entitled to summary judgment, and the Court need not analyze the subjective prong of the test.

With respect to Plaintiff's claims against Defendants Loveall and Whitney, Plaintiff conceded in his deposition that he had no claims against either Loveall or Whitney. (DN 237-2, PageID #: 3590, 3596). As such, Defendants Loveall and Whitney are entitled to summary judgment as well.

**V.**

For the reasons stated above, **IT IS ORDERED** that the motion for summary judgment (DN 237) is **GRANTED**.

The Court will enter a separate Judgment dismissing this action for the reasons stated herein.

Date:    June 30, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
       Counsel of record
4414.016